■ In the Matter of DANIEL OLIVER, Petitioner, v. DONALD F. CAWLEY, as Police Commissioner of the City of New York, et al., Respondents.— Determination of respondent Police Commissioner, dated February 27, 1973, modified, on the law and in the exercise of discretion, to the extent of reducing the measure of discipline imposed to suspension for a period terminating 30 days after the date of the order entered hereon without pay; and otherwise affirmed, without costs or disbursements. Petitioner and another officer were charged, in substance, with soliciting and receiving a $10 bribe as consideration for their failure to take proper police action against a civilian found in possession of stolen license plates. In *Matter of Gallagher* v. *Cawley* (43 A D 2d 931) we examined the evidence adduced and found it sufficient to support the finding of guilt. However, in reviewing the punishment imposed (dismissal from the police service), we gave consideration to Gallagher's co-operation with the Knapp Commission and the Kings County District Attorney's office. Respondent and our dissenting brother call attention to the absence of such mitigating factor in the instant case. Nevertheless, and in view of petitioner's otherwise unblemished record, we believe the same sanction should be imposed on both participants. Concur — Murphy, Lupiano and Tilzer, JJ.; Kupferman, J. P., dissents in the following memorandum: I would confirm the determination. (*Matter of Pell* v. *Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck*, 34 N Y 2d 222.) The distinguishing ameliorating factor in *Matter of Gallagher* v. *Cawley* (43 A D 2d 931) was that the petitioner there co-operated with the Knapp Commission and the Kings County District Attorney's office. Here we have no such mitigating factor.

■ In the Matter of COJER REST. INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent, New York State Liquor Authority, dated August 15, 1974, disapproving petitioner's 1974–1975 renewal application for a restaurant liquor license and recalling said license, unanimously annulled, on the law, without costs and without disbursements. Respondent's determination is not supported by the record and constitutes arbitrary and unreasonable abuse of discretion. We conclude, as a matter of law, that the record fails to disclose a rational basis for respondent's disapproval of petitioner's renewal application. (*Matter of Matty's Rest.* v. *New York State Liq. Auth.*, 21 A D 2d 818–819, affd. 15 N Y 2d 659.) Where, as here, respondent's conclusions are based upon speculative inferences which are not supported by the record, its determination must be annulled. (*Matter of Sled Hill Cafe* v. *Hostetter*, 22 N Y 2d 607, 612–613.) Concur — Markewich, J. P., Lupiano, Tilzer, Capozzoli and Nunez, JJ.

■ ALBERT H. BARKEY, Appellant, v. BARUCH COLLEGE, Respondent.— Order, Supreme Court, New York County, entered on July 2, 1974, unanimously affirmed, without costs and without disbursements. Appellant's application for oral argument and for other relief renewed upon argument of the appeal granted only to the extent of permitting oral argument of the appeal; and respondent's application on argument of the appeal to have the record sealed denied. No opinion. Concur — Stevens, J. P., Markewich, Tilzer, Capozzoli and Nunez, JJ.