Thomas J. Hughes, J.
Application to annul respondent’s determination pursuant to CPLR article 78 is granted.
That branch of the respondent’s answer that requests the transfer of this proceeding to the Appellate Division of this court is denied. The petitioner does not raise an issue as to the determination being supported by substantial evidence and a question specified in CPLR 7804 (subd [g]) is not being asserted. Under such circumstances there is no warrant for the sought transfer.
Briefly stated, the petitioner, a police officer, was discharged *261 from his employment for the issuance of a series of summonses which were found by the respondent to constitute an abuse of police power. A fellow officer also participated in the events which culminated in petitioner’s discharge but it appears that he received a mere reprimand for his conduct. It further appears that to-date, he has not sustained any loss of pay or status nor has any other penalty been imposed upon him.
At petitioner’s hearing, the fellow officer was present only in the status of a witness. As such, he was excluded from the hearing room while civilian witnesses gave testimony. It is not disputed that petitioner was the only uniformed police officer at the hearing. Petitioner contends that this trial format denied him a full opportunity to establish that the other police officer was the only culpable offender. A perusal of the transcript of the hearing indicates that petitioner’s claims are not without some merit. While respondent alleges that charges have been preferred against the other police officer and he is awaiting trial, respondent does not dispute petitioner’s claim that such action would never have been taken if petitioner had not asserted the difference in treatment as a basis for annulling respondent’s determination. Furthermore, the fact that the underlying events occurred in June, 1973 and that no trial has been had to-date appears to buttress petitioner’s contentions.
The respondent relies upon Matter of Pell v Board of Educ. (34 NY2d 223, 231) contending that as long as there is a rational basis for the penalty, it may not be disturbed by the court. That case is inapplicable to the instant proceeding. The issue herein is not the subjective evaluation by this court of the penalty imposed upon the petitioner but the imposition of two vastly different penalties upon two officers; one receiving the most severe and the other who was at least equally culpable, receiving the slightest. It is this disparity of treatment that establishes that respondent has been arbitrary and capricious and the determination should be annulled for that reason alone.
In addition, it is now well established that the equal protection provisions of the Federal and State Constitutions apply to actions taken by administrative departments of local governmental units and have been applied to administrative action taken with respect to police officers employed by the City of New York (cf. Matter of Abrams v Bronstein, 33 NY2d 488). *262 The petitioner’s rights to such equal protection were violated when the respondent treated the similarly situated fellow officer differently under the law as imposed on the petitioner. Fair play is the essential element of every administrative quasi-judicial proceeding and its keystone is the equal administration of justice. This principle was violated by the respondent herein. Respondent is charged with the duty to impose the appropriate sanctions, if any, upon these police officers and it may well be that there are appropriate factors for imposing different penalties upon both men.
However, there is no justification for the disproportionate penalties imposed herein.
Accordingly, respondent’s determination is annulled and this matter is remanded to respondent for such other and further proceedings not inconsistent with this determination.