■ In the Matter of CHARLES SLOMINSKI, Respondent, v MICHAEL J. CODD, Appellant.—Judgment of the Supreme Court, New York County, entered July 22, 1975, annulling the determination of the police commissioner dismissing petitioner from the New York City Police Department and remanding the matter to respondent-appellant for further proceedings not inconsistent with the court's determination, and order of the Supreme Court, New York County, entered July 15, 1975 which denied respondent-appellant's motion to rehear, renew and reargue, unanimously reversed, on the law, and petition dismissed, without costs and without disbursements. Petitioner did not raise any question at Special Term as to whether the police commissioner's determination was supported by substantial evidence, nor is that question raised on this appeal. The sole issue before us is whether, as Special Term found, the punishment imposed on petitioner as compared to that of a fellow officer (who pleaded guilty to charges of misconduct arising from the same incident) was so disparate as to establish "that respondent has been arbitrary and capricious and the determination should be annulled for that reason alone." There is no question that the determination of the police commissioner was predicated upon substantial evidence *(Edison Co. v Labor Bd.,* 305 US 197) and that his findings should not be disturbed *(Matter of Stork Rest. v Boland,* 282 NY 256). During his four years in the police department, petitioner was found guilty and penalized for a lost shield, a lost revolver and improper possession of an automatic weapon and brutality in assaulting a handcuffed prisoner. The charges on which petitioner was found guilty and which are now before us for review encompass abuse of police power in that petitioner and his fellow officer issued a number of summonses against a restaurant for alleged violations of law after petitioner and his fellow officer believed they were overcharged for meals therein. While petitioner's fellow officer was fined 15 days' pay for his participation after he pleaded guilty, it should be noted that the fellow officer had not been guilty of any misconduct during his 17

years in the police service. In dismissing petitioner the police commissioner obviously was aware of petitioner's prior acts of misconduct. Where there is no challenge to the findings of guilt, punishment by an administrator will be upheld unless it is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness'." *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamoroneck,* 34 NY2d 222, 233). Although an administrator should strive to impose discipline uniformly (see *Matter of Oliver v Cawley,* 47 AD2d 612, revd 38 NY2d 973), the facts and circumstances before the commissioner with respect to petitioner's history in the department and that of his fellow officer warranted disparate treatment. We cannot say that the punishment imposed represented an abuse of discretion by respondent. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Capozzoli, JJ. [83 Misc 2d 260.]