■ In the Matter of TIMOTHY WILLIAMS, Petitioner, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents.—Determination of respondent Police Commissioner, dated April 20, 1978, made after a departmental hearing, finding petitioner guilty of two specifications charging him with misconduct in failing to make memo book entries as required by applicable rules and procedures of the police department and dismissing him from the police force, unanimously modified, on the law, and in the exercise of discretion, only to the extent of vacating so much of the order as directed petitioner's dismissal and remanding the matter to respondents for imposition of an appropriate penalty in lieu of outright dismissal, which we find to be excessive under the circumstances, and otherwise confirmed, without costs or disbursements. Petitioner was charged with having entered two places of business on April 29, 1977, a wheel alignment shop and an auto repair shop, and with having remained in each for 5 and 20 minutes, respectively, without making appropriate memo book entries as required by police rules and regulations. The specifications alleged that each stop was made without just cause and was not made either on police business or for personal reasons. Petitioner was observed on each occasion by two officers from internal affairs. Although it is undisputed that petitioner violated the rules in failing to make memo book entries, there was neither allegation nor proof that he acted with any improper motive. Although the events occurred on April 29, 1977, the charges were not filed until September 16, 1977, after a belated check of petitioner's memo book. The only charge against him is his failure to record his visits in his memo book. Sufficient is the evidence in the record to support respondent's determination as to petitioner's guilt. Petitioner acknowledges his failure to compy with the rules respecting entries to be made in his memo book. To that extent, we agree with the determination rendered by respondent. Nevertheless, under the circumstances, we find the penalty imposed, outright dismissal from the police force, to be excessive. The nature of the offense does not warrant the extreme penalty visited upon petitioner. In relation to the charges brought against him, we find the penalty "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Stolz v Board of Regents of Univ. of State of N. Y.,* 4 AD2d 361, 364; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). It is clear on this

record that petitioner's dismissal was prompted by his long record of violations spanning the period from 1968 to 1976 and by what petitioner claims was an attempt by respondent to eliminate an undesirable from the department. The fact that petitioner had heretofore been disciplined with respect to the prior charges which had been brought against him is not dispositive. Respondent, in determining the punishment to be imposed, could properly consider petitioner's prior record of repeated violations *(Matter of Bal v Murphy,* 55 AD2d 26, affd 43 NY2d 762; *Matter of Slominski v Codd,* 52 AD2d 762, affd 41 NY2d 1086). Nevertheless, even considering petitioner's extensive record of prior infractions, the present charges are far too insignificant to warrant the extreme penalty of dismissal. On this basis, *Matter of Bal v Murphy (supra),* is distinguishable. In that case, the charges were far more serious and included specifications that the officer had (1) transported unauthorized civilian personnel in an unmarked radio patrol car; (2) failed to notify the dispatcher as to the presence of such unauthorized persons; (3) refused to leave the Tavern On The Green when requested to do so by the assistant manager; and (4) failed to obey the orders of a superior officer. Here, the minor nature of the charges brought against petitioner does not support the ultimate sanction imposed. Accordingly, we remand the matter to respondents for the imposition of an appropriate penalty in lieu of dismissal. Concur—Birns, J. P., Evans, Fein, Sullivan and Lupiano, JJ.